**HARGROVE v. AMERICAN CENT. INS.
CO. et al.**

No. 2293.

Circuit Court of Appeals, Tenth Circuit.
Jan. 16, 1942.

Rehearing Denied Feb. 26, 1942.

John W. Porter, of Muskogee, Okl., for appellant.

Walter D. Hanson, of Oklahoma City, Okl. (F. A. Rittenhouse, John F. Webster, and A. J. Rittenhouse, all of Oklahoma City, Okl., on the brief), for appellees.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The appellant Hargrove, herein called insured, was the owner of a building on the outskirts of Muskogee, Oklahoma, which he operated as a road house or night club. On August 2, 1939, some time after twelve thirty a.m., the building and its contents were completely destroyed by fire.

The insurance companies, as insurors under various policies of insurance covering the building and its contents, successfully prosecuted a suit under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 400, to declare their nonliability under the policies. The appellant, as the insured, has appealed. The jurisdiction in the trial court is based on diversity of citizenship and the requisite amount in controversy, which is admitted.

The insurors, after alleging the issuance of the policies and the respective amounts thereof, alleged that the insured falsely and fraudulently procured the policies of insurance and on or about August 2, 1939, fraudulently procured or caused to be procured the destruction of the property by fire for the purpose of defrauding each of the insurors by collecting the insurance thereon. The insurors plead the pertinent portions of the policies of insurance which uniformly provided: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; * * * or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after loss. * * * or [if the insured] procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy; * * * or if the hazard be increased by any means within the control or knowledge of the insured; *. * *"

The petition further alleged that the said insured took over the operation of the property in the Spring of 1939 with the intent to destroy the same and that in furtherance of this purpose immediately increased the amount of insurance on the building and contents from approximately $5,000 to approximately $9,500; that he operated the same for an unlawful purpose in that he dispensed beers and liquors in violation of the law; and on the date or just prior to the time of the fire in question, the insured further increased the hazard by saturating or causing the premises to be saturated, with kerosene in order to completely destroy the building by fire, all in

violation of the terms of the policies, which rendered the same void. The petition further alleged that after the destruction of the premises by fire, the insured submitted a purported proof of loss under each of the said policies of insurance in which he falsely and fraudulently misrepresented the value of the building and its contents to be the sum of $17,000, well knowing that the value of the building and the contents would not exceed $6,500, and that in the same proof of loss, the insured falsely stated that the origin of the fire was unknown to him, when in fact he well knew of its origin and that such false and fraudulent misrepresentations voided each and all of the policies. The insurance companies tendered the amounts of premiums collected, prayed that the court declare their nonliability on the policies and that the policies be cancelled. In the alternative, the insurors prayed that if the court found the policies of insurance to be valid and binding and not void, that the court determine the amount of the loss and the damage, if any, suffered by the insured by reason of the fire and apportion the liability, if any, of each of the plaintiffs under the various policies of insurance according to the statutory three-fourths value clause attached to each of the said policies. The insurors further prayed for an injunction restraining the insured from instituting or prosecuting any other action in any other courts upon the policies of the insurance involved and to require the insured to set up his claims, if any, under the policies.

The insured answered admitting the issuance of the policies and alleged that they were in full force and effect on August 2, 1939, when the building and its contents were destroyed by fire. He specifically denied the allegations of fraud and false swearing in connection with the procurement of the policies, the burning of the building, the making of false and fraudulent statements in the proof of loss, or that he in any way increased the hazard; that the building and its contents were reasonably worth $17,000 in accordance with his proof of loss; and that by denial of liability on the policies and their refusal to accept the submitted proofs of loss, they had waived the alleged breaches and were estopped from asserting them in this action.

Neither party demanded a jury before trial and apparently at the time of the trial neither party considered that the cause was one triable of right by jury. But at the commencement of the trial, the court advised the parties that a jury would be impanelled in an advisory capacity. Neither party objected but acquiesced in the action of the court by agreeing that answers to interrogatories submitted to the jury might be returned by three-fourths or nine of the jurors. At the conclusion of the evidence, without objection from either party, the court submitted certain interrogatories which the jury answered. The court withheld judgment and thereafter made independent findings of fact and conclusions of law in which he found that the answers to the interrogatories submitted to the jury were contradictory and inconsistent; that the cause was not one triable as of right by jury but that the court had a right to impanel a jury for advisory purposes under Rule 39(c) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; and that the answers to the interrogatories submitted to the jury were advisory only and were so considered by the court.

The court specifically found that "The defendant W. M. Hargrove caused or procured to be caused the fire which destroyed the buildings and its contents," and that thereafter and on the 8th day of August, 1939, he submitted a purported proof of loss under the policies in which he stated the value of the building, and contents thereof, to be $17,000, and that he further stated that he did not know of the origin of the fire and that on or about the 7th day of December 1939, the insured submitted to a sworn examination as provided by the provisions of the policies in which he denied any knowledge of the origin of the fire or that he caused or procured to be caused the fire which destroyed the building. The court concluded that the insured was guilty of fraud and false swearing in his purported proof of loss and in his examination and on the trial of the said cause; that the insurors had not waived their defenses and were not estopped to assert these facts as a defense; that by reason of the insured having caused or procured to be caused the fire which destroyed the building, and by reason of the false swearing and false proof of loss, he was not entitled to recover on the policies and the insurance companies were given judgment accordingly.

On application for rehearing, the insured complained of the holding of the court to the effect that the answers to the inter-

rogatories by the jury were contradictory and inconsistent, but did not challenge the regularity of the procedure. The insured now contends (1) that the issues tendered by this suit are triable as of right by a jury under rules 57, 38 and 39(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c; that under these rules the parties having waived the right to trial by jury and not having made any motion for a jury, it was mandatory upon the court to try and decide the issues without the aid or advice of a jury, and that the action of the court in calling a jury in these circumstances was unauthorized and erroneous. (2) The insured contends that the findings and conclusions of the court are not supported by the evidence.

The procedural remedy afforded by the Declaratory Judgment Act is neither legal nor equitable, however its utilization does not alter or invade the right of trial by jury as at common law. It affords a complete and expeditious remedy whereby a party to a justiciable controversy may affirmatively assert any substantive right otherwise available to it in a civil action. Under the Federal rules of civil procedure, which are made expressly applicable rule, 57, F.R.C.P., there is but one form of civil action, in which the right of a trial by jury is recognized and adequately preserved. Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; 28 U.S.C.A. § 400(3), rules 38 and 39 R.F.C.P.; Ætna Casualty & Surety Co. v. Quarles et al., 4 Cir., 92 F.2d 321; Pacific Indemnity Co. v. McDonald, 9 Cir., 107 F.2d 446, 131 A. L.R. 208; (American) Lumbermen's Mutual Casualty Co. of Illinois v. Timms & Howard, Inc., 2 Cir., 108 F.2d 497; United States Fidelity & Guaranty Co. v. Nauer, D. C., 1 F.R.D. 547. Whether the issues are tendered by suit under the Declaratory Judgment Act, or as a defense to an action to recover on the policies, the rights of the parties are the same and the rule with respect to trial by jury is the same. The basic issue tendered by the pleadings and the proof is the liability of the insuror on the contracts of insurance because of the alleged fraudulent conduct and false swearing of the insured. The case is bottomed on fraud which, if proved, would vitiate the contract between the parties. Singleton et al v. Hartford Fire Ins. Co., 105 Cal.App. 320, 287 P. 529; Orenstein et al v. Star Ins. Co. of America, 4 Cir., 10 F.2d 754; 33 Corpus Juris, p. 19, § 667.

If the issues tendered are purely equitable, the court has the indisputable right under the civil rules of procedure to call a jury in an advisory capacity of its own initiative and to submit to them such issues of fact as he sees fit, and to accept or disregard its verdict thereon in his discretion. Or the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right. Rule 39(c).

If the issues tendered by the pleadings are purely legal, the parties are entitled to a jury as of right, rule 38(a), when demanded as provided in rule 38 (b) (c). If no demand is made as provided for in subdivisions (b) and (c), the parties are deemed to have waived the right of trial by jury, but the court may in its discretion, upon motion of either party, order a jury trial of any or all issues, notwithstanding waiver under 38(b) (c), but may not order trial by jury on its own initiative. 3 Moore Federal Practice, 3030, § 39.03.

If the issues tendered by the pleadings are both legal and equitable, the court may, by the same procedure and in the same action, submit to the jury both legal and equitable issues, observing the same rules as above outlined with respect to the rights of the parties. The consideration to be given to the verdict of the jury depends upon the nature of the issues— whether legal or equitable. 3 Moore Federal Practice 3017. If the insured had filed suit on the policies, the asserted remedy would have been legal in its nature and either party would have been entitled to a jury on timely demand as provided by the rules of civil procedure. In this event, the insurors could have asserted the same remedy as a legal or equitable defense to the legal action to recover. Pacific Indemnity Co. v. McDonald, supra.

The insuror therefore had a plain and adequate remedy at law and the issues tendered were basically legal in their nature, and the case was triable as of right by jury. Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440. Cf. American Life Ins. Co. v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268. It follows that the court was not authorized of its own initia-

tive to call a jury in an advisory capacity, when a jury was waived in the absence of a motion by one of the party litigants.

■ But the insured had only the right to insist that the cause be submitted to and tried by the court, without the advice of a jury, and that is exactly what he received. The court wholly disregarded the verdict of the jury, made its independent findings and conclusions on which its judgment is based. The verdict of the jury is no part of his judgment. The insured not only consented to the procedure, but he is not prejudiced thereby and cannot now complain. See (American) Lumbermen's Mutual Casualty Co. of Illinois v. Timms & Howard, Inc., supra.

■ The question remains whether the findings of the court are supported by the evidence. It must be remembered that in all cases tried to the court, its findings on the disputed facts are presumptively correct and should not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to adjudge the credibility of the witnesses. Rule 52, F.R.C.P. The trial court had the duty to determine whether or not the insured caused or procured to be caused the fire which destroyed the building, and whether or not he made false and fraudulent statements in the submission of his proof of loss and in the trial of the case, which would preclude recovery on the policy.

■ The proof showed that the insured had a previous fire which occurred under similar circumstances, involving a similar type of business near Enid, Oklahoma; that on the night of the fire, the insured was the last person to leave the property; the building was securely locked, but the windows were slightly raised which, according to the testimony, would cause the building to burn more quickly and to destroy any fumes from inflammatory substance; the city firemen were the first to arrive at the scene and they found the entire floor of the building in flames, as well as the rear thereof, which, according to the firemen, indicated that the floor had been saturated with an inflammable substance. The proof further showed that the fire plug immediately opposite the building had been broken, the cause thereof was not established, but it was established that Hargrove had inquired of the water department the day before as to when the plug would be repaired. He was informed that it would not be repaired for two or three days. The property was insured for more than its reasonable value and some of the policies of insurance were secured a short time before the fire. In the proof of loss submitted under the policies, the insured fixed the value of the premises at $17,000 which was greatly in excess of the value of the property, according to the testimony introduced on behalf of the insurors and which the trial court elected to believe. The insured, in the proof of loss and sworn testimony, denied any knowledge of the origin of the fire or that he caused or procured it to be burned. The court found to the contrary.

While standing alone, it may be seriously questioned whether any one of the facts or circumstances submitted to the court would justify the conclusion that the insured caused or procured to be caused the burning of the building, or that he made false or fraudulent statements in connection with the proof of loss, but this court is not the trier of the facts, or judge of the credibility of the witnesses, or the weight and value to be given to each item of evidence. It is enough to say that under all facts and circumstances, the court was justified in the conclusions reached and that they are not clearly erroneous and its judgment based thereon should be and is affirmed.