W. A. BROCK, Appellant,

v.

Bingham FARMER, Appellee.

Court of Appeals of Kentucky.

June 8, 1956.

James S. Greene, Jr., Harlan, for appellant.

William A. Rice, Harlan, for appellee.

MONTGOMERY, Judge.

Bingham Farmer sued W. A. Brock on a $1,500 promissory note. The defenses were non est factum, statute of limitations, material alteration, and that Farmer was a co-

maker, the note never having been negotiated. The appeal is from a judgment in favor of Farmer for the full amount sought.

Appellee's testimony showed that he loaned Earl Brock, the deceased son of appellant, $300 prior to 1938, with appellant as surety. Some time later, appellant borrowed $1200 from appellee and made one note of $1500 for the entire indebtedness. This note was renewed, and the renewal note was sued on.

On November 5, 1954, the following order was entered: "Pursuant to CR 39.03 the court directed that this case be heard by an advisory jury." A jury was impaneled without objection by either party. They were advised by the court that neither party had demanded a jury trial but had elected to try without a jury, and that the jury was an advisory jury on "certain questions". Evidence was introduced by both parties, although appellant did not testify due to his senility.

At the conclusion of the testimony, the court instructed the jury to answer questions which, with the jury's answers thereto, are as follows:

"1. Is the signature on the note which is in evidence the genuine signature of W. A. Brock? You will answer yes or no in your verdict. /s/ Yes.

"2. Was the date of the note, without the knowledge or consent of the defendant, intentionally altered by plaintiff by punching out or destroying the year of the execution of such note, if it was executed by W. A. Brock?

You will answer this question, yes or no. /s/ No.

"3. If the answer to question No. 1 is yes, and if the answer to question No. 2 is no, then you will state in your verdict whether the true date of the note was in the year 1934 or the year 1944. /s/ 1944."

The court then made findings of fact and conclusions of law, in substance, as follows: (1) the note sued on was executed solely by appellant, as comaker, and delivered to appellee on June 12, 1944, for a valuable consideration; (2) there was no material alteration in the date of the note; (3) the name of "Bingham Farmer" immediately above the name of appellant was not placed on the note by appellee, there was no material alteration of the name "Bingham Farmer", and appellee was neither maker nor comaker on the note; (4) no part of the principal or interest had been paid and all was then due and owing; (5) the true date of the note having been found to be June 12, 1944, the statute of limitations was no bar to recovery by appellee; and (6) appellee was entitled to judgment for the amount of the note plus interest. Judgment was entered in accordance with these findings and conclusions on November 6, 1954.

On November 13, 1954, appellant filed a combined motion for amendment of the findings of fact and conclusions of law and for a new trial. By this motion, appellant insisted the court had discussed with counsel for both parties the issues of fact to be submitted to the advisory jury and had refused to submit to the jury any question as to whether there was any material alteration of the name "Bingham Farmer" at the bottom of the note, but held as a matter of law that since the name was still legible there was no alteration. Appellant contended that since the court declined to submit this issue of fact to the advisory jury, appellant had been deprived of a trial by jury upon this issue as the court purported to submit all issues of fact to the jury. In this motion, it was alleged that the court had indicated "he felt bound to follow the findings of said advisory jury without regard to what his own personal decision might be upon such factual issues", which is contrary to the statement made to the jury by the court.

By response, appellee, among other matters, alleged that appellant had made no objection to the court's failure to submit the issue of material alteration of the "Bingham Farmer" signature to the jury.

On November 15, 1954, appellant filed an amendment to his motion by which, for the first time, he urged that this action was one which was triable of right by a jury and that the trial court had abused its discretion and was without authority to use an advisory jury. It was alleged that neither party had demanded trial by jury, and the parties, by counsel, had made known to the trial court that both parties desired a trial by the court without a jury. The court, being so advised four or five days prior to trial, had indicated that it would try the case without a jury.

Upon consideration of the motions, as amended, the court amended its findings of fact and conclusions of law so as to show that the written name "Bingham Farmer" "has not been materially altered because said name is still clearly legible upon said note."

The question is: May the court, upon its own motion, use an advisory jury on the trial of an action which is triable of right by jury, where both parties have waived the right to a jury and have requested the court to try without a jury and after the court had indicated no jury would be used?

This is a case of first impression by this Court. It involves the construction of CR 39.03, which is:

"Advisory Jury and Trial by Consent. In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury, or the court, with the consent of all parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right."

The trial court, by its order, based the use of an advisory jury on Civil Rule 39.03. This rule has two parts: one dealing with advisory jury, the other dealing with trial by consent. Under the facts of this case, we are not concerned with trial by consent. See Williams v. Whitaker, Ky., —— S.W.2d ——, for a discussion of trial by consent.

Turning then to a consideration of when the court may use an advisory jury, we find that its use is limited to the trial of "actions not triable of right by a jury". The use of an advisory jury is authorized upon motion of the parties, or "of its own initiative", meaning the trial court. In the instant case, the advisory jury was used on the initiative of the trial court.

To decide whether this use of an advisory jury was correct, we must determine what are "actions not triable of right by a jury" as distinguishable from actions triable of right by a jury.

The right of trial by a jury has been held inviolate by Amendment VII, Constitution of the United States, and by Section 7, Bill of Rights, Constitution of Kentucky. Historically, the right of trial by jury has varied in its use according to the type of action, whether legal or equitable. The Civil Code of Practice used ordinary action to mean a legal or common law action.

Civil Code of Practice, Section 6 provided for two kinds of actions. After defining equitable actions, all other actions were denoted as ordinary. This difference with the corresponding different right to trial by jury was noted throughout the Civil Code of Practice. See Civil Code of Practice, Sections 12, 312, 313, and 331. The latter sections defined the right to trial by jury in legal and equitable actions.

This distinction was recognized and continued by the Federal Rules of Civil Procedure, 28 U.S.C.A. See cases cited in Clay, CR Page 359, Notes 3 and 4. The right to trial by jury under the Federal Rules of Civil Procedure was neither enlarged nor infringed upon, but was preserved. United States v. Mesna, D.C.Minn.1950, 11 F.R.D. 86; Leimer v. Woods, 8 Cir., 1952, 196 F.2d 828.

■ Upon the adoption of the Civil Rules, the right of trial by jury, as declared by the Constitution of Kentucky, or as given by a statute of Kentucky, was preserved. CR 38.01. F.R.C.P. 38 and 39 are the bases for CR 38 and 39 governing jury trials of right and trial by jury or by the court. Although one form of action is provided by CR 2, this is a merger of ordinary and equitable actions for procedural purposes only.

The merging of legal and equitable procedures does not obliterate the substantive distinctions between those rights, nor fuse the differing applicable principles, nor enlarge the right to relief. Clay, CR Pages 6 and 7. See also CR 18.01.

██ An action for the recovery of a debt was one of the earliest legal actions. Newman's Pleading and Practice, Page 6. The action in this case was the same kind of action. This was a legal or ordinary action which would have been triable of right by a jury under Civil Code of Practice, Section 312, subd. 2. Since the right to trial by jury was preserved by the Civil Rules, this action did not come within the qualifying phrase of CR 39.03 as being one not triable of right by jury. The trial court was in error in using an advisory jury. Barron & Holtzoff, Federal Practice and Procedure, Volume 2, Section 891, pages 595–596; Hargrove v. American Cent. Ins. Co., 10 Cir., 1942, 125 F.2d 225.

The prejudicial effect of the improper use of an advisory jury by the court will now be considered. Except for a part not applicable to our practice, F.R.C.P. 39(c) is the same as CR 39.03.

In (American) Lumbermen's Mutual Casualty Co. of Illinois v. Timms & Howard, Inc., 2 Cir., 1939, 108 F.2d 497, the parties were originally entitled to a jury as a matter of right but had waived this right. Nevertheless, the parties agreed to submit a special question to an "advisory" jury and the court accepted the resulting verdict, but made it clear that it did not consider itself bound by the jury's findings, and the trial judge made his own formal findings of fact and conclusions of law.

In Hargrove v. American Cent. Ins. Co., 10 Cir., 1942, 125 F.2d 225, the parties were also originally entitled to a jury trial as a matter of right, although, apparently, unaware of this fact. Because of a failure to make timely demand therefor, they waived their right; but at the commencement of the trial, the court informed the parties that a jury would be impaneled in an advisory capacity, and they acquiesced in this action.

The court rejected the findings of the jury and made its independent findings and conclusions.

██ In each case, the unauthorized use of the advisory jury was held not to be reversible error. In the case at bar, the trial judge made his own independent findings of fact and conclusions of law. The court adopted the findings of fact of the jury, and insofar as it did so, such findings became the findings of the court. Findings of fact and conclusions of law were also made by the court on matters which were not considered by the jury. The court could have rejected the jury's findings in whole or in part. The effect of an advisory jury's verdict should be distinguished from the binding effect of a jury's findings of fact on legal issues submitted to it when the right of trial by jury existed as a matter of right. 5 Moore's Federal Practice, Page 720. The use of the advisory jury by the trial court was not prejudicial. Firemen's Ins. Co. of Newark, N. J. v. Smith, 8 Cir., 1950, 180 F.2d 371.

██ Appellant further urges that advance notice should be given of the submission of issues to an advisory jury. We find no merit in this argument since appellant made no objection when the court announced its intention to use an advisory jury and acquiesced in the proceeding. Had appellant desired, the advisory verdict could have been attacked by a motion to reject. Barron & Holtzoff, Federal Practice and Procedure, Volume 2, Section 891, page 597. Such a motion was not made, and appellant will not be heard to complain at this time.

██ It also is urged that in view of the court's announced intention to use a jury, it would have been futile to object. Failure to object cannot be excused because of the futility of the objection. The futile objections made in the lower court are the ones that are asked to be reviewed on appeal.

██ The evidence supports the findings of fact by the trial court that there was no material alteration of the name "Bingham Farmer" and that appellee was neither

maker nor comaker on the note. CR 52.01. Denham v. Denham, Ky., 285 S.W.2d 176; McIntosh v. Breeding, Ky., 286 S.W.2d 914.

Judgment affirmed.

HOGG, J., not sitting.