**H. J. WHITFIELD and Carrie Mae Whitfield, his wife, Appellants,**

v.

**H. R. CORNELIUS, Jr., Executor of the Estate of H. R. Cornelius, Sr., Deceased, Appellee.**

Court of Appeals of Kentucky.

April 15, 1977.

Discretionary Review Granted Sept. 13, 1977.

William G. Deatherage, Jr., Hopkinsville, for appellants.

W. E. Rogers, III, Hopkinsville, for appellee.

Before MARTIN, C. J., and WILHOIT and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

Appellee, H. R. Cornelius, Jr., Executor of the Estate of H. R. Cornelius, Sr., deceased, instituted this action to recover on a promissory note allegedly executed by the Appellants, H. J. and Carrie Whitfield. Appellants answered and denied execution of the note, counterclaimed against Appellee for money allegedly wrongfully taken by the deceased while in the employ of the Appellants, and demanded a jury trial. After discovery depositions, Appellants renewed their jury demand. The trial court denied the Appellants' request and ordered that this case be tried by the court on depositions.

The crucial issue in this case is whether the trial court erred in refusing to allow a trial by jury.

This Court reverses the judgment of the trial court denying the jury trial and therefore does not decide the other issues raised on appeal.

■ The fundamental right to a trial by jury, when a proper demand is made, is recognized by the Kentucky Constitution in Section 7, and. incorporated into the Kentucky Rules of Civil Procedure, Rule 38.01. Civil Rule 39.01 gives the trial judge a limited discretion to remove a case from a jury in certain special instances only. CR 39.01(3) permits the trial court on its own motion to deny a jury trial where because of the peculiar questions involved, or because the action involves complicated accounts, or a great detail of facts, it is impracticable for a jury intelligently to try the case. The trial judge does not have broad and unlimited discretion to deny a proper jury demand. Such discretion must be exercised in strict conformity to the Civil Rules. The trial court's findings must be supported by the evidence and must give substantial reasons for the exercise of such discretion. In this case the trial court's findings are not supported by the evidence and the record. The simple statement that it is "impractical for a jury intelligently to try the case" is not sufficient. The pleadings and depositions in this matter indicate that the issues presented were simple and that the testimony did not prevent an intelligent jury review.

■ A suit based on a debt is clearly a "legal" action and triable by a jury, upon proper demand, as a matter of right. *Brock v. Farmer*, Ky., 291 S.W.2d 531 (1956). *Brandenburg v. Burns*, Ky., 451 S.W.2d 413 (1970). The Appellants also have a constitutional right to trial by jury on their counterclaim since it alleges conversion of money and is therefore considered to be a "legal" action. *Shatz v. American Surety Co. of N. Y.*, Ky., 295 S.W.2d 809 (1956). Kentucky further recognizes that where legal and equitable issues are raised in the pleadings, the case must be tried by a jury. *B.F.M. Building, Inc. v. Trice*, Ky., 464 S.W.2d 617 (1971).

Nowhere in the record does it appear that the trial court had a sufficient basis to determine that there were any peculiar questions, complicated accounts or involved facts which made it impractical for a jury to intelligently try this case.

Therefore, the judgment of the trial court is reversed and the case remanded for a new trial by jury on all the issues raised by the parties.

ALL CONCUR.