**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

OCI WYOMING, L.P., A Delaware
Limited Partnership,

      Plaintiff-Appellant,

v.

PACIFICORP, An Oregon Corporation,

      Defendant-Appellee.

No. 06-8026

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**
**(D.C. No. 03-CV-259-B)**

---

Phillip Trainer, Jr. of Ashby & Geddes, Wilmington, Delaware, (James McC. Geddes and Richard L. Renck of Ashby & Geddes, Wilmington, Delaware; Ford T. Bussart of Bussart, West & Tyler, P.C., Rock Springs, Wyoming, of counsel, with him on the briefs), for Plaintiff-Appellant.

Stuart R. Day, (P. Craig Silva, with him on the brief), of Williams, Porter, Day & Neville, P.C., Casper, Wyoming, for Defendant-Appellee.

---

Before **BRISCOE, EBEL,** and **GORSUCH**, Circuit Judges.

---

**BRISCOE**, Circuit Judge.

---

      OCI Wyoming, L.P. ("OCI") filed this diversity action against PacifiCorp alleging

PacifiCorp had breached its Master Electric Service Agreement with OCI by failing to

provide a reliable supply of electricity to OCI's mine and refinery in Wyoming. Although both parties waived their right to a jury trial, the district court announced at the final pretrial conference its intention to impanel an advisory jury. After a nine-day trial, the advisory jury determined that PacifiCorp had breached the agreement. The advisory jury also determined OCI had suffered damages from three of nine outages and calculated OCI's damages at $377,742, which was significantly less than the $6 million in damages that OCI had alleged. The district court subsequently denied OCI's motion to set aside the advisory jury verdict, treating it as a motion to amend the judgment under Federal Rule of Civil Procedure 52(b) and concluding that "substantial evidence" supported the advisory jury's verdict. The district court subsequently entered judgment "in accordance with the verdict of the advisory jury" and in the same amount as the advisory jury's verdict.

OCI appeals from the judgment and seeks a new trial. Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the judgment and remand with instructions that the district court review the evidence previously presented and reach its own judgment, setting forth sufficient findings of fact and conclusions of law without giving deference to the advisory jury's verdict.

I.

OCI operates a mining facility west of Green River, Wyoming where it mines and refines trona ore to produce soda ash which is used in the manufacture of glass, chemicals, and detergents. The mine and refinery operate twenty-four hours a day, seven

-2-

days a week. During the period at issue, OCI relied exclusively on PacifiCorp for power generation. After years of what OCI considered to be unsatisfactory service, PacifiCorp and OCI negotiated a new contract in 1997 (the Master Electric Service Agreement), whereby the parties agreed to continue their business relationship and to share the costs of constructing a new power substation.

After completion of the new substation, the electricity service to OCI improved. Then in early 2001, OCI alleges a series of intermittent power outages began which persisted for nearly three years. On December 30, 2003, OCI filed this diversity action against PacifiCorp for breach of contract.[1] Although OCI initially demanded a jury trial, the parties subsequently filed a joint motion seeking a trial to the court. The district court granted the motion and ordered that the case be tried to the court, sitting without a jury.

About two weeks later, during the final pretrial conference, the district court, *sua sponte*, announced that it would impanel an advisory jury. The pretrial order directed the parties to submit proposed jury instructions "[d]ue to the [i]mpaneling of an advisory jury" and scheduled the case "for trial with an advisory jury on April 25, 2005. . . ." Aplt. App. at 120-21. The case was tried before an advisory jury for nine days.

After the parties rested, the advisory jury concluded that PacifiCorp had breached its contract with OCI. As regards the damages arising from that breach, the advisory jury determined that OCI suffered damages from outages that occurred on April 21, 2001,

_____

[1] OCI also alleged that PacifiCorp negligently failed to maintain its equipment and that PacifiCorp failed to obey certain Wyoming state regulations concerning power supply. At trial, OCI dropped these claims.

November 8-9, 2002, and March 26, 2003, but not from outages that occurred on January 25, 2001, March 7, 2001, November 13, 2002, February 3, 2003, June 26, 2003, and December 22, 2003. The advisory jury determined OCI was entitled to $377,742 in damages and, at the close of trial, the district court entered the advisory jury's verdict.

OCI filed a motion to set aside the advisory jury's verdict and for leave to file post-trial briefing "to assist the Court in issuing written findings of fact and conclusions of law." Id. at 553. In its motion, OCI reminded the court that although the court could consider the advisory jury's findings of fact in reaching its own, "ultimately the Court [wa]s the finder of fact and [was required to] reach its own findings and conclusions of law." Id. at 554-55. In support of this reminder, OCI quoted Rule 52(a) and cited related case law. Id. at 555. The district court granted OCI's motion for leave to file post-trial briefing and stated that the filing of proposed findings and conclusions "would be useful in drafting and promulgating the findings of fact and conclusions of law." Id. at 599-600. The district court reserved its ruling on OCI's motion to set aside the advisory jury's verdict. Id. at 600.

The district court held a hearing after the receipt of the post-trial briefing. At that hearing, the district court explained its view of the role of an advisory jury:

> Well, I regard an advisory jury as a jury, and the fact that it is advisory means that it is a jury and we called on our good citizens to come in here and spend some time and decide these issues. And I have never yet turned down an advisory jury verdict.

Id. at 715-16. Later the district court elaborated on the deference it gives to advisory jury

-4-

verdicts: "Well, I just wanted to make the point that whether it is advisory or, in fact, is the given decider is a distinction that I have never really depended on much." Id. at 728. OCI expressed its objection to the district court's reliance upon the advisory jury verdict: "I understand that, Your Honor.  And I would respectfully suggest that this case particularly calls for that distinction being made.  I don't think either side was particularly convinced that this was a great matter for a jury." Id.  PacifiCorp indicated it agreed with the district court's view of the advisory jury's verdict: "We feel very strongly, as I think you do, Judge, that this was a jury trial. *The fact issues are now decided*.  The fact issues are now behind us, and this verdict should be affirmed." Id. at 739 (emphasis added).

In its subsequent order, the district court treated OCI's motion to set aside the verdict as a motion to amend the judgment under Rule 52(b) and denied it. Id. at 779. The district court explained that it

> treats [an advisory] jury with the same respect as it would any other jury that seriously considers a case and deliberates until it reaches a collective judgment.  Therefore, when this Court chooses to adopt the advice of an advisory jury by entering judgment upon that jury's verdict, judgment will be amended only if the advisory jury's verdict would have been set aside even if it were not advisory.

Id. at 783-84.  The district court then stated:

> The Court has reviewed the record in this case with special attention to the testimony of Michael Rudoff, Richard Lissa, and Paul Radakovich.  Based upon this review, the Court **FINDS** that there was substantial evidence adduced at trial to support the advisory jury's verdict as adopted by the Court when it entered judgment on that verdict.

Id. at 785 (bold in original).

-5-

Almost two weeks later, the district court entered judgment in the case:

In this breach of contract action, Plaintiff OCI Wyoming sought damages of over $6 million from Defendant PacifiCorp resulting from nine power outages allegedly caused by PacifiCorp's breach of a service agreement between the parties. After a nine-day bench trial, an advisory jury, which had been duly impaneled under Fed. R. Civ. P. 52(a), found that Defendant PacifiCorp had breached the service agreement and that Plaintiff OCI was entitled to total damages of $377,742 resulting from three of the nine outages. The Court entered judgment on this verdict in open court at the conclusion of the trial. [citation omitted]. OCI subsequently moved to set aside the advisory jury verdict and this Court denied the motion.

Therefore, in accordance with the verdict of the advisory jury and with the previous entry of judgment on that verdict, the Court finds that Plaintiff OCI is entitled to judgment in its favor.

**IT IS HEREBY ADJUDGED and DECREED** that Defendant PacifiCorp breached its Master Electric Services [sic] Agreement with Plaintiff OCI.

**IT IS FURTHER ADJUDGED and DECREED** that Plaintiff OCI suffered damages as a direct and proximate result of three power outages: (1) April 21, 2001; (2) November 8-9, 2002; and (3) March 26, 2003.

**IT IS FURTHER ADJUDGED and DECREED** that Plaintiff OCI is entitled to damages of $377,742.

**IT IS FURTHER ADJUDGED and DECREED** that Defendant PacifiCorp shall pay Plaintiff OCI's court costs in the above-referenced matter.

Id. at 786-87 (bold in original).

II.

OCI challenges the district court's judgment on both procedural and substantive grounds. Procedurally, OCI contends that the district court first erred when it impaneled an advisory jury under Rule 39 in the absence of a motion from one of the parties, and

again erred when it adopted the advisory jury's verdict without setting out its own findings of fact and conclusions of law as required by Rule 52(a). Substantively, OCI challenges the amount of the damage award, contending it suffered compensable damages as a result of each outage and not just the three outages identified by the advisory jury and the district court. PacifiCorp disputes these points and adds that OCI waived the procedural issues by failing to raise them below.

## A.

The issue of whether the district court erred initially when it decided, *sua sponte*, to impanel an advisory jury was waived by OCI when it failed to object. OCI, however, did preserve the issue of whether the district court complied with Rule 52(a). In its motion to set aside the jury verdict and for leave to file post-trial briefs, OCI clearly stated the requirements of Rule 52(a) and provided case law identifying the particular responsibilities the district court had in setting forth findings of fact and conclusions of law. OCI also attached proposed findings of fact and conclusions of law to its motion. In short, OCI clearly informed the district court of its obligations and requested that it take the action OCI is now seeking through this appeal.

"In all actions tried upon the facts without a jury *or with an advisory jury*, the court shall find the facts specially and state separately its conclusions of law thereon. . . ." FED. R. CIV. P. 52(a) (emphasis added). The district court's findings of fact "should be sufficient to indicate the factual basis for the court's general conclusion as to ultimate facts[,] . . . should indicate the legal standards against which the evidence was

-7-

measured[,] . . . [and] should be broad enough to cover all material issues." Otero v.

Mesa County Valley Sch. Dist., 568 F.2d 1312, 1316 (10th Cir. 1977) (citations omitted);

see also Joseph A. v. N.M. Dep't of Human Servs., 69 F.3d 1081, 1087 (10th Cir. 1995)

(describing "the touchstone for whether findings of fact satisfy Rule 52(a) [as] whether

they are 'sufficient to indicate the factual basis for the court's general conclusion as to

ultimate facts' so as to facilitate a 'meaningful review' of the issues presented") (quoting

Otero, 568 F.2d at 1316). "If a district court fails to meet this standard – i.e. making only

general, conclusory or inexact findings – we must vacate the judgment and remand the

case for proper findings." Joseph A., 69 F.3d at 1087 (citing Battle v. Anderson, 788

F.2d 1421, 1425 (10th Cir. 1986)).

The only findings and conclusions set forth by the district court are found in its

order denying OCI's motion to set aside the verdict and the final judgment. The order

states:

> The Court has reviewed the record in this case with special attention to the
> testimony of Michael Rudoff, Richard Lissa, and Paul Radakovich. Based
> upon this review, the Court **FINDS** that there was substantial evidence
> adduced at trial to support the advisory jury's verdict as adopted by the
> Court when it entered judgment on that verdict.

Aplt. App. at 785 (bold in original). In the final judgment, the district court concluded

that PacifiCorp breached the parties' agreement and that OCI suffered $377,742 in

damages from the outages on April 21, 2001, November 8-9, 2002, and March 26, 2003.

Id. at 787.

Rule 52(a) does not require the district court to set out its findings and conclusions

in excruciating detail. As stated in the advisory committee notes to Rule 52, "the judge need only make brief, definite, pertinent findings and conclusions upon the contested matters; there is no necessity for overelaboration of detail or particularization of facts." Fed. R. Civ. P. 52 Notes of Advisory Committee on 1946 Amendments (citations omitted); see also Colo. Flying Acad., Inc. v. United States, 724 F.2d 871, 877 (10th Cir. 1984) (warning against "inordinately detailed findings") (citations omitted); Lopez v. Current Dir. of Tex. Econ. Dev. Comm'n, 807 F.2d 430, 434 (5th Cir. 1987) (making clear that Rule 52 "'exacts neither punctilious detail nor slavish tracing of the claims issue by issue and witness by witness'") (citation omitted).

Yet we have also cautioned that too little detail frustrates meaningful appellate review by requiring the parties and this court to guess at why the district court reached its conclusion. Roberts v. Metro. Life Ins. Co., 808 F.2d 1387, 1390-91 (10th Cir. 1987). "'Where the trial court provides only conclusory findings, unsupported by subsidiary findings or by an explication of the court's reasoning with respect to the relevant facts, a reviewing court simply is unable to determine whether or not those findings are clearly erroneous.'" Id. (quoting Lyles v. United States, 759 F.2d 941, 944 (D.C. Cir. 1985)). What we have traditionally required, at a point between these two extremes, is a recitation of all of the subsidiary facts necessary to permit us to see the steps taken by the district court in reaching its ultimate conclusion. See id. (citing Snyder v. United States, 674 F.2d 1359, 1363 (10th Cir. 1982)). This is no "hypertechnical" requirement, but one that is "absolutely essential for meaningful appellate review." Jones v. Jones Bros. Constr.

Corp., 879 F.2d 295, 300 (7th Cir. 1989); Prof'l Plan Exam'rs, Inc. v. Lefante, 750 F.2d 282, 289 (3d Cir. 1984).

The district court's "findings" – PacifiCorp breached its agreement with OCI; OCI suffered damages from three of nine outages; and those damages amounted to $377,742 – tell us *what* the district court found. What is missing is *why* the district court ruled as it did. The district court does not lay out, in *any* level of detail, the facts supporting its award. The district court does list witnesses Michael Rudoff, Richard Lissa, and Paul Radakovich, as providing testimony in support of the verdict. Rudoff and Lissa testified on behalf of OCI; Radakovich testified on behalf of PacifiCorp. Lissa and Rudoff testified that OCI was a lost volume seller and then explained how they calculated OCI's lost profits as regards each of the alleged nine outages. Radakovich testified that, although he made recommendations to OCI to ensure reliable power supplies, his recommendations were ignored. PacifiCorp argues that a review of this testimony shows that OCI failed to establish that it was a lost volume seller, which would have entitled OCI to a higher damage award. Perhaps the district court agreed, but given the dearth of its rulings, we are only left to guess. It is not our function "'to search the record and analyze the evidence in order to supply findings which the trial court failed to make.'" Colo. Flying Acad., Inc., 724 F.2d at 878 (quoting Kelley v. Everglades Drainage Dist., 319 U.S. 415, 421-22 (1943)).

B.

Having concluded the district court erred in failing to provide adequate findings

and conclusions, we must now determine what remedy is appropriate. The parties agree that, if we conclude that the district court did not satisfy Rule 52(a), we must, at a minimum, vacate the judgment. Beyond that, the parties disagree.

PacifiCorp argues that remand should be limited to requiring the district court to make factual findings and legal conclusions to support the judgment previously entered. OCI argues that a new trial is necessary in order for the district court to *independently* decide this case without reliance upon the advisory jury's verdict. OCI contends that the district court's reliance upon the advisory jury renders this case so unusual that we must order a new trial. OCI's logic is as follows: the district court did not have authority to impanel an advisory jury; the district court knew from the start that it would use the advisory jury as the factfinder in the case, improperly ceding that role from itself to the advisory jury; as a consequence, the district court did not focus upon the evidence presented as directly as it would were it the ultimate factfinder – judging the credibility of the witnesses and determining the weight of the evidence as the trial unfolded – but rather the court deferred to the advisory jury, treating it as the ultimate factfinder. OCI argues that only with a new trial will the district court be able to independently examine the evidence.

Both parties rely on Hargrove v. Am. Cent. Ins. Co., 125 F.2d 225 (10th Cir. 1942), where we addressed what impact the use of an advisory jury impaneled in violation of Rule 39(b) had upon a final judgment. In Hargrove, we held that "the [district] court was not authorized of its own initiative to call a jury in an advisory

-11-

capacity, when a jury was waived in the absence of a motion by one of the party litigants." Id. at 228-29. But, we affirmed the district court's judgment in Hargrove, despite the unauthorized impaneling of an advisory jury, because the district court clearly performed an independent evaluation of the record and came to its own factual findings and legal conclusions. Id. at 229. We concluded the advisory's jury's verdict formed "no part" of the district court's judgment, and, as a result, the appellant suffered no prejudice from the use of the advisory jury because they received all to which they were entitled: "the right to insist that the cause be submitted to and tried by the court, without the advice of a jury. . . ." Id.

Analogizing to Hargrove, PacifiCorp contends that we should affirm the district court because OCI suffered no prejudice from the district court's use of the advisory jury. However, we agree with OCI that it, unlike the appellant in Hargrove, was prejudiced in the instant case because the district court essentially ceded its duty to conduct factfinding to the advisory jury. As we have held, "the findings of such a jury are, of course, *merely advisory*; the trial court must . . . make its own findings and 'review on appeal is of the findings of the court as if there had been no verdict from an advisory jury.'" Marvel v. United States, 719 F.2d 1507, 1515 n.12 (10th Cir. 1983) (citation omitted) (emphasis added). While the district court may exercise its discretion to accept or reject the advisory jury's verdict, the advisory jury's decision is not binding on the district court and the district court has the "ultimate responsibility" for deciding the case's legal and factual issues. Wilson v. Prasse, 463 F.2d 109, 116 (3d Cir. 1972) (citations omitted); 8

-12-

JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 39.42[3] (3d ed. 2006).

While we agree that OCI suffered prejudice, we do not agree that the extreme sanction of a new trial is warranted. OCI gives us no reason to believe that the district court on remand will be unable to independently evaluate the evidence, make its own findings and conclusions, and render its own judgment. Neither party contends that the record generated at trial is in any way deficient and nothing would be gained by requiring the parties to present their evidence again. We therefore vacate the judgment and remand with instructions that the district court review the evidence previously presented and reach its own judgment, setting forth sufficient findings of fact and conclusions of law pursuant to Rule 52(a) without giving deference to the advisory jury's verdict.

III.

The judgment of the district court is VACATED and the case is REMANDED for findings and conclusions.