RENDERED: MAY 21, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0565-MR

TONYA WOOTEN                                                                           APPELLANT

v.           APPEAL FROM NELSON CIRCUIT COURT
             HONORABLE JOHN DAVID SEAY, JUDGE
             ACTION NO. 12-CI-00760

ANNANDLEE, PLLC                                                                        APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: JONES, MAZE, AND TAYLOR, JUDGES.

JONES, JUDGE: Tonya Wooton[1] appeals from a judgment of the Nelson Circuit

Court awarding AnnandLee, PLLC, d/b/a Bardstown Ambulatory Care (hereinafter

referred to as "BAC") compensatory and punitive damages in the amount of

---

[1] The notice of appeal appears to have incorrectly spelled Appellant's last name as "Wooten." Filings in the circuit court and Appellant's own signature use the spelling "Wooton," which is how we refer to Appellant herein.

$219,431.52 following a bench trial conducted *in absentia.* Having reviewed the record and being otherwise sufficiently advised, we vacate and remand.

## I. BACKGROUND AND PROCEDURAL HISTORY

Tonya Wooton became a Registered Nurse ("RN") in 1997. She later earned an Advanced Practice Registered Nurse ("APRN") license in 2001. She began working in the employ of BAC in August 2006. As part of her employment, Wooton was required to acknowledge receipt of the BAC Personnel Policies and Employee Handbook, which, in part, requires employees to obey all national, state, and local laws. In the course of her duties, Wooton routinely cared for, examined, evaluated, and diagnosed patients.

Wooton's nursing license was set to expire on October 31, 2011. Prior to the expiration date, BAC's office manager, Christa Nall, twice asked Wooton to provide BAC a valid copy of her renewed license. Wooton indicated she would do so. On October 31, 2011, Nall asked if Wooton had renewed her license. Wooton responded she had not done so, but would before the end of the evening. On five more occasions in November and December, Nall asked Wooton to bring in a copy of her renewed nursing license. Wooton indicated each time she had forgotten and would bring it with her on her next scheduled work day. Wooton continued to treat and diagnose patients during this time.

On December 8, 2011, an insurance representative informed BAC that Wooton's license had lapsed, which Nall verified on the Kentucky Board of Nursing website. On December 9, 2011, Wooton arrived at work and assured BAC that she had everything taken care of, and she was still permitted to practice per the Kentucky Board of Nursing. BAC personnel called the Kentucky Board of Nursing and learned Wooton's license had lapsed, and that she was not permitted to treat patients. BAC then terminated Wooton's employment. BAC thereafter filed suit in the Nelson Circuit Court on October 26, 2012 alleging intentional misrepresentation/fraud, negligence, gross negligence, and sought compensatory and punitive damages. According to BAC, it was damaged, in part, because it was unable to bill the patients Wooton saw after her license lapsed.

Wooton was properly served on October 27, 2012, but never answered and a default judgment was granted against her on October 16, 2013. Wooton obtained counsel at this time, and she moved to set aside the default judgment and for leave to file a late answer on October 28, 2013.[2] The default judgment was set aside on November 27, 2013. Wooton filed an answer to BAC's complaint, in which she requested a trial by jury.

---

[2] She blamed her delay on personal problems related to anxiety and depression, and familial problems related to grief and caring for her mother.

There was little activity until 2016, with the exception of Wooton's counsel twice filing a motion to withdraw as counsel, finally withdrawing on September 12, 2016. A copy of the order granting the motion was sent to Wooton's home address on September 21, 2016. Wooton was *pro se* at this point.

On November 6, 2017, BAC filed a notice to take deposition of Tonya Denise Wooton on December 6, 2017. Copies were sent to Wooton's home address. On the same November 6, 2017 date, BAC filed a motion to set trial date and enter scheduling order. On December 5, 2017, Wooton mailed a letter to the circuit court requesting a new trial date. She stated she initially believed it to just be a deposition and stated she was trying to hire counsel.[3] On December 6, 2017, the circuit court set the matter for court review on December 20, 2017. Copies of the calendar order were sent first class mail to Wooton and BAC's trial counsel.

On December 21, 2017, the circuit court took the case under submission. The case history reflects that a copy of the order was sent first class mail to Wooton on the same day. The circuit court entered an order on January 4, 2018, removing the case from submission status on January 17, 2018. The case history reflects that a copy of the order was sent first class mail to Wooton on the same day.

---

[3] The deposition proceeded on December 6, 2017, but Wooton did not appear. We are unclear if she reached out to inquire if she needed to appear, or to ask if it was cancelled based on the motion to set trial date.

-4-

On January 17, 2018, the circuit court set this case for a status review on March 7, 2018. On March 7, the circuit court set the case for a bench trial on May 10, 2018 via an order setting case for trial and pretrial/settlement conference. The order reflects the distribution of this order to all counsel of record; however, the case history reflects that the order was sent first class mail to Wooton on March 7, 2018. A calendar order reflecting the same bench trial date was likewise entered and sent first class mail to Wooton on March 8, 2018.

On May 10, 2018, the circuit court proceeded with the bench trial. Wooton did not appear for the trial, nor any attorney on her behalf. Court personnel attempted to call Wooton multiple times and locate her within the courthouse but were unable to do so. The court's orders reflect that the trial was to begin at 9:30 AM. The circuit court waited approximately twenty minutes before proceeding. When Wooton failed to appear, the circuit court proceeded with the bench trial.

Following the conclusion of the trial, a calendar order was entered wherein the circuit court directed BAC's counsel to submit proposed findings of fact and conclusions of law and set the matter for review on June 6, 2018. The calendar order was entered on May 11, 2018, and a copy was sent first class mail to Wooton. On June 6, 2018, during the status review hearing, Wooton appeared

with counsel.  Counsel filed a formal notice of entry of appearance on June 11, 2018.

The circuit court entered its findings of fact and conclusions of law on July 18, 2018.  It found Wooton had made material misrepresentations, and her actions had amounted to negligence and gross negligence.  It awarded general damages to BAC in the amount of $54,857.88 and punitive damages in the amount of $164,573.64 for a total amount of $219,431.52, in addition to attorney's fees.

On July 30, 2018, Wooton's counsel filed a motion to alter, amend, or vacate, a CR[4] 60.02 motion, and a motion for relief from judgment pursuant to CR 60.03.  After the circuit court denied the motions, Wooton appealed to this Court as a matter of right.

## II.    ANALYSIS

Before us, Wooton argues that we should vacate the circuit court judgment because she did not receive notice of the trial date and did not waive her right to a jury trial.  Alternatively, Wooton asserts that equity dictates that she be afforded relief from the judgment because her failure to appear was excusable. The first issue is dispositive and requires us to vacate and remand for a jury trial.

---

[4] Kentucky Rules of Civil Procedure.

We note that Wooton did not object to the circuit court's notice in which it indicated its intent to hold a bench trial or bring the issue to the circuit court's attention after entry of its judgment against her. Therefore, she did not properly preserve her argument below. However, "[a] palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error." CR 61.02. Accordingly, we will review Wooton's claim regarding the trial court's failure to hold a jury trial for palpable error.[5]

The case of *Hazard Coal Corporation v. Knight*, 325 S.W.3d 290 (Ky. 2010), is dispositive. In *Hazard Coal*, all parties requested a jury trial. During a pretrial conference shortly before the trial, the circuit court, *sua sponte*, announced that it would conduct a bench trial, believing that the jury would be unable to understand the complex issues to be tried. The Knights were present and did not object. Following entry of the judgment the Knights appealed arguing that their right to a jury trial had been violated. Our Supreme Court held:

[5] We held in *Petty v. Kentucky Farm Bureau Mutual Insurance Company*, No. 2019-CA-1150-MR, 2020 WL 6538753, at *3 (Ky. App. Nov. 6, 2020), that "[t]he failure to hold a jury trial [where one has been requested] was manifest error as a jury trial is a fundamental right[.]" We recognize this is an unpublished opinion. We cite to it for illustrative purposes only. *See* CR 76.28(4)(c).

-7-

"The ancient mode of trial by jury shall be held sacred, and the right thereof remain inviolate, subject to such modifications as may be authorized by this Constitution." Ky. Const. § 7. Our Constitution designates no other right as one which "shall be held sacred." This right is incorporated into CR 38.01, which states as follows: "The right of trial by jury as declared by the Constitution of Kentucky or as given by a statute of Kentucky shall be preserved to the parties inviolate." *See also Meyers v. Chapman Printing Co., Inc.*, 840 S.W.2d 814, 819 (Ky. 1992) (The Kentucky Constitution, Sec. 7, preserves "the ancient mode of trial by jury." A "civil cause of action" for "damages sustained" is the classical textbook paradigm of an action at law wherein "[t]he constitution guarantees a trial by jury in cases of this character.").

CR 38.04 provides that the failure to properly demand a jury trial acts as a waiver of the right, but also imposes, once the right is demanded, a significant restraint on the withdrawal of the demand. The rule states: "The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5.05 constitutes a waiver by him of trial by jury. *A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties*[.]"

Similarly, CR 39.01, imposes a strict, and unambiguous, procedural barrier to the waiver or withdrawal of a jury trial demand once having been made:

> When trial by jury has been demanded as provided in Rule 38, the action *shall* be designated upon the docket as a jury action. The trial of all issues so demanded *shall* be by jury, *unless* (a) *the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury*, or (b) the court upon motion

-8-

> or of its own initiative finds that a right of trial by jury of some or all of the issues does not exist under the Constitution or Statutes of Kentucky.

*Id.* at 295 (emphasis in original) (internal footnotes omitted).

> "The constitutional term 'inviolate' means that the right to trial by jury is unassailable. Henceforth, legislation and civil rules of practice shall be construed strictly and observed vigilantly in favor of the right and is not to be abrogated arbitrarily by the courts. The constitutional right to a jury trial cannot be annulled, obstructed, impaired, or restricted by legislative or judicial action." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 908 S.W.2d 104, 108 (Ky. 1995). Moreover, as with statutes, we interpret the civil rules in accordance with their plain language. *Lanham v. Commonwealth*, 171 S.W.3d 14, 21 fn. 9 (Ky. 2005).

> The mandate of CR 39.01 is unmistakable in its clarity. Its plain and forthright language affords no other construction but that once a proper demand for a jury trial has been made, the trial *shall* be by jury *unless* there is either a written stipulation filed with the court, or an oral stipulation of waiver made in open court. "In common or ordinary parlance, and in its ordinary signification, the term 'shall' is a word of command and . . . must be given a compulsory meaning." *Black's Law Dictionary* 1233 (5th ed. 1979). "Shall means shall." *Vandertoll v. Commonwealth*, 110 S.W.3d 789, 795-796 (Ky. 2003).

*Id.* at 295-96.

> Wooton requested a jury trial in her answer. Specifically, she stated:

> Wherefore, the Defendant, Tonya [Wooton], demands that the Complaint be dismissed, that the Plaintiff take nothing thereby, that she recover her costs herein

expended and any and all other relief to which she may appear to be entitled *including trial by jury* and a reasonable fee for her attorney of record.

Record at 86 (emphasis added).

"[T]here is a presumption against the waiver of constitutional rights, and for a waiver to be effective it must be clearly established that there was an intentional relinquishment or abandonment of a known right or privilege." *Hazard Coal*, 325 S.W.3d at 297 (quoting *Parson v. Commonwealth*, 144 S.W.3d 775, 792 (Ky. 2004)). In *Hazard Coal*, the Supreme Court clearly held that a waiver of a jury trial can only occur by way of written stipulation filed with the Court or by oral stipulation made in open court. Specifically, the Court refused to construe silence as tantamount to a waiver. *Id.* at 296-97. While we do not condone Wooton's failure to appear, based on *Hazard*, we cannot hold that her failure to appear and object amounts to a waiver of her previously asserted jury trial demand. Accordingly, we must vacate and remand.

This case has languished for nearly six years, due in large part to Wooton's failure to act promptly after receiving court documents. While we cannot know what the third bite at the apple may bring, it might not be as sweet. We would encourage Wooton to pay attention to and timely act on all correspondence from the courts in the future.

-10-

## III. CONCLUSION

For the reasons set forth above, we vacate the judgment and remand this matter to the Nelson Circuit Court for additional proceedings not inconsistent with this Opinion.

TAYLOR, JUDGE, CONCURS.

MAZE, JUDGE, CONCURS AND FILES SEPARATE OPINION.

MAZE, JUDGE, CONCURRING: While I fully agree with the reasoning and result of the majority opinion, I do so only because the result is compelled by the clear language of CR 39.01. However, I must note that Wooton engaged in a pattern of dilatory conduct that unnecessarily delayed the proceedings for nearly six years, ranging from her failure to file an answer to BAC's complaint through her motion to set aside the judgment. Wooton failed to file an answer to BAC's complaint, resulting in the entry of a default judgment against her. After the trial court set aside the default judgment and allowed her to file an answer, Wooton failed to participate in discovery or any of the proceedings. I would also note that Wooton did not object to the trial court's failure to conduct a jury trial in her CR 59.05 motion. In my opinion, Wooton's conduct could reasonably be construed as a waiver of her jury trial demand.

Nevertheless, *Hazard Coal Corporation v. Knight*, 325 S.W.3d 290 (Ky. 2010), makes it clear that once a party has demanded a trial by jury, that

demand may not be withdrawn without consent of the parties. *Id.* at 295 (citing

CR 38.04). Moreover, CR 39.01 expressly provides:

> When trial by jury has been demanded as provided in Rule 38, the action *shall* be designated upon the docket as a jury action. The trial of all issues so demanded *shall* be by jury, *unless* (a) *the parties or their attorneys of record*, *by written stipulation filed with the court* or *by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury*, or (b) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of the issues does not exist under the Constitution or Statutes of Kentucky. (emphasis added).

Interpreting this rule, the Court in *Hazard Coal* expressly held:

> The mandate of CR 39.01 is unmistakable in its clarity. Its plain and forthright language affords no other construction but that once a proper demand for a jury trial has been made, the trial *shall* be by jury *unless* there is either a written stipulation filed with the court, or an oral stipulation of waiver made in open court. "In common or ordinary parlance, and in its ordinary signification, the term 'shall' is a word of command and . . . must be given a compulsory meaning." *Black's Law Dictionary* 1233 (5th ed.1979). "Shall means shall." *Vandertoll v. Commonwealth*, 110 S.W.3d 789, 795-796 (Ky. 2003).

*Hazard Coal*, 325 S.W.3d at 296 (emphasis in original).

Consequently, the trial court did not have discretion to dispense with a

jury trial in this case without strict compliance with the requirements of CR 39.01.

*See also Whitfield v. Cornelius*, 554 S.W.2d 870, 871 (Ky. App. 1977). Unlike in

*Hazard Coal*, the trial court did not infer Wooton's waiver from her mere silence,

-12-

but from her complete absence despite repeated notice of the proceedings. I believe that the trial court could have found that her conduct amounted to a waiver of Wooton's prior jury trial demand. But the existing case law does not clearly allow that result. And even if it does, the trial court could only do so after making express written findings of fact. In the absence of such findings, this Court is not at liberty to dispense with the formal requirements of CR 39.01.

As a result, I reluctantly agree with the majority that the judgment must be set aside and this matter be remanded for additional proceedings. I must make it clear, however, that the courts do not have an immeasurable pool of time and resources to deal with parties who are unwilling to cooperate in the judicial process. Thus, the trial court retains the discretion to sanction Wooton's dilatory behavior, including but not limited to expenses incurred by the appellee if the trial court believes them to be appropriate. Additional delays should not be tolerated without a showing of substantial cause. And if Wooton continues her failure to appear, the trial court may expressly find that she has implicitly waived her prior jury trial demand. In that event, the trial court must make written findings of such a waiver supported by the evidence of record. Lastly, I would urge our Supreme Court to clarify whether a jury trial demand may be deemed waived under such circumstances.

BRIEF FOR APPELLANT:

Jason P. Floyd
Bardstown, Kentucky

BRIEF FOR APPELLEE:

Ralph C. Pickard, Jr.
Paducah, Kentucky