## Cornett v. Louisville & Nashville R. Co. et al.

May 30, 1944.

96

S. M. Ward for appellant.

P. T. Wheeler, Chas. S. Landrum, C. D. Carpenter and Craft & Stanfill for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

On January 4, 1923, Joe Cornett and wife deeded to the Kentucky River Coal Corporation certain minerals under a tract of land containing 58.75 acres. In addition to the minerals, they deeded so much of the standing timber on the property as was deemed by the corporation to be necessary or convenient for mining purposes, and the exercise and enjoyment of any and all the property rights and privileges conveyed. In addition thereto, they conveyed (in the language of the deed), "and the exclusive rights-of-ways for any and all railroads, tram roads, haul roads and other ways, pipe lines, telephone and telegraph lines that may hereafter be located on said land by the parties of the first part (the Cornetts), their heirs, representatives or assigns, or by the party of the second part (Kentucky River Coal Corporation), its successors or assigns, or by any person or corporation with or without the authority of either of said parties, their, or its, heirs, representatives, successors or assigns; and also the right to maintain, keep in repair and operate the same and said railroads, tram roads, haul roads, ways, pipe lines, telephone and telegraph lines; * * *." The deed was made pursuant to an agreement entered into by the parties on the twenty-first day of October, 1922, by which Joe Cornett and his wife bound themselves to convey the property rights and privileges aforesaid, included in which (in the language of the contract) were, "and the exclusive rights-of-way for any and all railroads and ways and pipe lines that may hereafter be located on said property by the "Grantee," its suc-

cessors or assigns, or by any person or corporation under authority of said "Grantee," or assigns in, of, under, concerning or appurtenant to the hereinafter described tract of land, * * *." The contract, and all other antecedent negotiations in respect to the rights of the parties were merged in the deed when executed and delivered to, and accepted by, the grantee. That being true, we must look alone to the language of the deed to determine the intention of the parties. Allen et al. v. Henson, 186 Ky. 201, 217 S.W. 120.

The deed was recorded in the office of the County Clerk of Perry County, wherein the land was situate, on the eighteenth day of January, 1923. On February 27, 1933, appellant, by deed, succeeded to the rights of Joe Cornett and his wife to that portion of the 58.75 acre tract over which the railroad hereinafter referred to is proposed to be constructed. The Coal Corporation granted to its co-appellee, the Louisville & Nashville Railroad Company, a right-of-way over a portion of the boundary of land described in its deed from the Cornetts, and, at the Coal Corporation's instance, the Railroad Company has undertaken the construction of a railroad on the right-of-way. It is insisted that it was the intention of the parties that the right-of-way was to be limited in its use to removing coal mined on the property conveyed by the deed, and that it could not be transferred to the Louisville & Nashville Railroad Company, because the latter proposes to use the railroad for all purposes incident to its business as a common carrier.

At the time appellant became vested with the title to the property, the deed to the Coal Corporation was of record. Not only did appellant have constructive notice of the rights of appellee, by reason of that fact; he additionally had actual notice, having been present at the time the consideration was paid by the Coal Corporation to Joe Cornett. In the deed to the Coal Corporation, the grantor reserved all timber upon the land except that necessary for the purposes mentioned in the deed. He likewise reserved the full use of the land for agricultural purposes, so far as such use would be consistent with the rights conveyed by the deed. A third reservation as to the use of coal for domestic purposes was stipulated. In the construction of a deed identical in terms with the one under consideration in this case, but not construing the identical provision called into question here, the Court said:

"The rule is that a deed which grants land and certain specified rights and privileges, there being no ambiguity in the instrument, will be construed according to its terms, and enforced strictly according to its terms. But, where there is ambiguity or uncertainty in the deed, it will be construed most strongly against the grantor and in favor of the grantee." McIntire v. Marian Coal Co., 190 Ky. 342, 227 S.W. 298, 299.

It is insisted that the language granting the right of way for a railroad is ambiguous. We think not. It plainly appears that the parties intended the surface owner to exercise only such rights on the surface as did not interfere with the right of the Coal Corporation, or its assigns, to construct or have constructed, or assent to the construction of, a railroad, the operation of which was not limited to removal of coal mined on the property. The deed granted the exclusive right-of-way for a railroad which might thereafter be located on the land, not only by the Coal Corporation, but also by the grantor himself, or by any other person or corporation. Had the parties to the deed not intended to convey a right-of-way which might be transferred to "any (other) person or corporation with or without the authority of either of said parties, etc," they would not have incorporated such language in the deed. That language can purport but one meaning, i. e., the intention of the parties to permit the grantee in the deed to authorize a person or corporation not mentioned in the deed, but which future developments designate as the Louisville & Nashville Railroad Company, to build, operate, and maintain a railroad over the surface now owned by appellant, without limitation to its use, and without interference by appellant. Were we to give any other construction to the language of the deed, we, in effect, would alter the terms of the contract between the parties, and of which appellant had notice when he acquired title to the surface of the land. Since the right of way was granted to the Coal Corporation, neither the grantor nor his successor in title to the surface of the land had the right to use the land for that purpose without permission of the Coal Corporation. Neither would any other person or corporation have the right to build a railroad on the property without the permission of the Coal Corporation, or without rendering himself or itself liable to the Coal Corporation for the fair value of the right. That being true, appellant cannot complain of the act of the

Coal Corporation in granting to its co-appellee the authority to build a railroad over the surface of the property, for whatever use or purpose it elects. As suggested by the court in McIntire v. Marian Coal Co., supra, the grant was broad; but no one would question the right of Joe Cornett to have sold the land in fee, which would have carried with it all rights, including those granted to the Coal Corporation in the deed of January 4, 1923. The grantor, therefore, effectually could convey any interest in, or right to, the land. The lower court properly enjoined appellant from interfering with the construction of the railroad.

The judgment is affirmed.