**LOUISVILLE & N. R. CO. v. QUILLEN et al.**

Court of Appeals of Kentucky.
April 27, 1951.

———◆———

· C. S. Landrum and C. E. Rice, Jr., Lexington, for appellant. ·

Napier & Napier, Hazard, for appellees.

CLAY, Commissioner.

Appellant brought this action to condemn a railroad right of way over a 42 acre tract of land. Appellees owned the surface rights and the Letcher Elkhorn Land Company owned the mineral rights. The amount of damages was fixed by a jury in the County Court at $3500, and the case was transferred to the Letcher Circuit Court to determine which of the two claimants was entitled to this award.

While this proceeding was pending, the Land Company conveyed to appellant the right of way condemned, and appellant then prayed for a return of the $3500 theretofore paid over to the Master Commissioner. The lower Court adjudged appellees entitled to the sum as surface owners of the land.

In 1930 the Land Company was conveyed the mineral rights in the tract involved. This deed granted the coal, minerals, oils, gases, clay, ores, etc., situated on or under the land. It also conveyed the following: " * * * *the exclusive rights of ways for any and (all) railroads,* tram roads, haul roads and other ways, pipe lines, telephone and telegraph lines *that may hereafter be located on said land* by the parties of the first part, their heirs, representatives or assigns, or by the party of the second part, its successors or assigns, *or by any person or corporation with or without the authority of either of the said parties,* their, or its, heirs, representatives or assigns, * * *." (Our italics.)

The deed reserved to the grantors: "* * * the free use of said land for agricultural purposes so far as such use is consistent with the rights hereby bargained, sold, granted or conveyed; * * *."

After the execution and recording of the above deed, the Land Company, being the owner of an undivided interest in fee in a larger tract of which the 42 acres was a part, as well as the owner of all the mineral rights, brought suit to partition the surface interests of the parties. In this suit the 42 acre parcel, which includes the right of way involved, was laid off and conveyed to an heir of the original owner, whose title was subsequently conveyed to appellees. The Commissioner's Deed, after describing the property, provided: "Excepting and reserving the coal, oil, gas, and other mineral and mining rights and privileges now owned by Letcher Elkhorn Land Company."

The question in the case is whether or not, at the time appellant condemned its right of way, the Land Company (and now appellant by virtue of the conveyance to it) had title to the right of way by virtue of the grant in the mineral deed executed in 1930.

This question has been heretofore decided affirmatively in Cornett v. Louisville & Nashville R. Co. et al., 298 Ky. 95, 182 S.W.2d 230. In that case the owner of the mineral rights, under a deed almost identical with the one we have before us, conveyed to the L. & N. Railroad Company a right of way over the land involved. We recognized the validity of that grant, and affirmed a judgment enjoining the owner of the surface rights from interfering with the construction of a railroad by L. & N. on the right of way. We held that the language in the mineral deed was not ambiguous, and that the grant of *all* rights of way included that which might be utilized by a third party, and was not limited to a use for the removal of coal mined on the property.

As in the foregoing case, the 1930 deed conveyed to the Land Company the exclusive rights of way over the entire surface, whether occupied by the grantor, the grantee, or third parties, without limitation. The primary purpose may have been for mining operations, but the grant is much broader than that. The grantors clearly relinquished all interest in any rights of way.

Appellees contend such a result is inequitable, but we think not. It is evident the owner of the mineral rights may need for his mining purposes the particular right of way such as was condemned in this case. His *exclusive* rights would then be impaired and he would suffer damage, rather than the owner of the surface who has already (presumptively for a valuable consideration) conveyed away his entire interest in all of the rights of way. Therefore, appellees' predecessors, having granted all rights of way to the Land Company without reservation, cannot claim ownership of the right of way condemned by appellant.

Appellees rely on certain language used in Louisville & Nashville Railroad Company et al. v. Letcher County Coal and Improvement Company et al., 195 Ky. 297, 243 S.W. 45, wherein this Court indicated the result reached in the Cornett case above discussed (298 Ky. 95, 182 S.W.2d 230), would call for a strained construction of the mineral grant. This thought expressed in that opinion had no bearing on the decision because the deed itself specifically reserved to the grantor a particular right of way. That opinion cannot, therefore, be considered as authoritative on the question before us.

Appellees make a passing suggestion that the deed from the Land Company to appellant was champertous and void. This point is not pressed, and we see no merit in it. Nor do we see anything inequitable in appellant's acceptance of a deed from the owner of the right of way after having instituted condemnation proceedings.

Appellant now owns the right of way it sought to condemn, and it follows that the amount of the condemnation award which it paid into Court must be returned.

The judgment is reversed for the entry of a judgment consistent with this opinion.