**Stratton O. HAMMON, Appellant,**

v.

**KENTUCKY CENTRAL LIFE & ACCIDENT INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

March 2, 1956.

As Modified on Denial of Rehearing May 18, 1956.

Booth, Booth & Humphrey, Alexander G. Booth, Alex P. Humphrey, Louisville, for appellant.

Wallace & Hopson, Joe A. Wallace, Henry D. Hopson, Louisville, for appellee.

CAMMACK, Judge.

This is an appeal from a summary judgment entered in favor of the Kentucky Central Life & Accident Insurance Company (hereinafter referred to as the Company), the appellee. The action was in- stituted by Stratton O. Hammon, the appellant, to recover compensation allegedly due for architectural services rendered to the Company.

Hammon alleged that he had formulated, pursuant to an oral agreement with the Company, plans and specifications for extensive remodeling of the Company's home office building in Anchorage. He asserted that the assumed, and agreed, compensation for these services was $5,-475, representing 7½ per cent of the contract price of the work called for by the plans. During the preliminary stages of his work, numerous changes in the plans were made, primarily to reduce the cost of the project; and on April 19, 1946, it was decided that only a portion of the contemplated remodeling would be done. On that date Hammon met with Mr. Speckman, president of the Company, to discuss his fees for the architectural services performed. Both parties concede that, prior to that meeting, they were not in agreement on the amount of compensation to be paid Hammon.

The appellee contends that at the meeting of April 19th, Hammon presented a bill for $3,500 which was reduced by agreement to $2,700 as full payment for his services. Hammon, however; insists that he accepted that amount only with the understanding that he would be paid the remainder ($2,775) of his original claim ($5,475) when the work was completed in its entirety; or, if the work covered in his plans was abandoned, he would be awarded the architectural services connected with any new construction that might be undertaken; at least, up to the amount of the balance of the commission claimed by him.

On April 22, 1946, the appellee mailed a check to Hammon in the amount of $2,700. On the attached voucher was the following statement:

"In full settlement of items stated below, Professional services as architect (plans for remodeling H. Office Bldg $2700.00"

This check was cashed by Hammon sometime before April 24th. On June 1, 1946, he sent a letter to Speckman acknowledging receipt of the check. He stated also that he had accepted the check on the basis of the agreement that he was to be paid the remaining part of his regular fee when the work was completed; or, if it was abandoned, that he was to receive a commission for any new construction that might be undertaken, at least, up to the amount of $2,775.

The appellee contended during the proceeding that the pleadings and depositions showed that the acceptance of the check, with the accompanying statement "In full settlement," was an accord and satisfaction of an unliquidated claim, and therefore precluded any further claims based upon the original transaction. The trial judge sustained the appellee's motion for summary judgment. In his opinion, he stated that Hammon could not accept the check without accepting the conditions upon which it was offered, and therefore Hammon's acceptance thereof constituted a bar to his present claim. As to the alleged oral agreement reached at the meeting of April 19th, the judge stated that the written voucher and check purported to recite in full the terms thereof, and also, that oral testimony could not be introduced to contradict the terms of the written instrument. He concluded that no genuine issue of material fact existed, and the appellee was entitled to judgment as a matter of law.

Hammon urges that the summary judgment should not have been entered because there was a genuine issue of fact concerning the terms of the purported agreement of April 19th. With this contention we agree.

The allegations of the parties show definitely a conflict of views as to the terms of the agreement. The issue of fact thus presented was not resolved by the depositions submitted in the trial court. Hammon's testimony showed a compromise of his original claim, but he testified consistently that he compromised only with the understanding that he would receive future payments when the work was completed; or, if abandoned, that he would receive a commission for any new construction which might be undertaken.

■ The trial judge took the view that the voucher and check constituted a contract between the parties and therefore its written terms could not be varied by parol evidence concerning the agreement. In other words, the issue of fact presented by the pleadings initially, was removed under the application of the parol evidence rule. It is significant that the voucher and check were not presented to Hammon as an offer of a new contract, but merely as payment pursuant to the settlement agreed upon, on April 19th. Hence, the written instrument was not a contract of itself, but merely evidence of an earlier contract between the parties. As such, it should be considered by the trier of the facts together with all other evidence, written or oral, concerning the parol agreement of April 19th.

■■ Even if the voucher and check should be treated as a contract, we think parol evidence would be admissible in this case because the provision relating to "full settlement" is ambiguous, in the sense that it is subject to at least two reasonable interpretations. Hammon contends that the provision meant full settlement of fees relating to construction undertaken at the time of the agreement, and hence did not concern fees for work commenced after that date. The appellee, on the other hand, contends that the language contemplated a settlement of Hammon's entire claim, based upon both present and future construction. Either of these interpretations is rational when the instrument is considered in the light of the record in this case. Hence, the case falls within the rule that parol evidence may be introduced to ascertain the true meaning of ambiguous or uncertain terms of a written contract. Gibson v. Sellars, Ky., 252 S.W.2d 911; Blevins v. Riedling, 289 Ky. 335, 158 S.W.2d 646.

Since the parol evidence rule does not foreclose the issue of fact concerning the terms of the oral agreement reached by Speckman and Hammon, we think the summary judgment should not have been granted to the appellee.

The judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.